UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:16-cr-254

       Plaintiff,

v.            ORDER

Guy Gokey,

       Defendant.

In January 2018, Defendant Guy Gokey was sentenced to a term of 3 years on probation and ordered to pay restitution in the amount of $2,753.26, after pleading guilty to one count of embezzlement in violation of 29 U.S.C. § 501(c). (Doc. No. 25). After completing his restitution payments and having served half of his probation sentence, Gokey moved for early termination of probation. (Doc. No. 26). I granted that motion on June 18, 2019. (Doc. No. 27).

Gokey now moves to have this conviction expunged from his record, citing his volunteer work in the community and his desire to put this case behind him. (Doc. No. 28). The government opposes Gokey's motion. (Doc. No. 29).

A federal court "'possess[es] only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). The scope of circumstances in which a federal court may expunge a criminal record pursuant to a statute is extremely limited and does not encompass the type of relief Steward seeks. *United States v. Field*, 756

F.3d 911, 915 (6th Cir. 2014) (Federal law permits the expungement of certain DNA records and of criminal records in certain drug possession cases.).

Further, the Sixth Circuit has expressly held that a federal court does not have jurisdiction to consider a motion for expungement "grounded on purely equitable considerations – *e.g.,* motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.* (citing *Lucido,* 612 F.3d at 874).

Though I encourage Gokey to continue his efforts and commend his continued work in the community, I lack the authority to provide the relief he seeks.  Therefore, I must deny his motion. (Doc. No. 28).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge